# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

In re: David A. and Mariann Puopolo,                BK No. 11-10251-JMD
        Debtors                                                  Chapter 13

## CHAPTER 13 PLAN DATED JANUARY 28, 2011

☐ **If this box is checked, this plan contains certain special provisions set out in paragraph 13 below.** Otherwise, the plan includes no provisions deviating from LBF 3015-1A, the model plan in effect at the time of the filing of the plan in this Court.

Debtors:    David A. Puopolo    xxx-xx-9394
               Mariann Puopolo     xxx-xx-7321

1. **PLAN PAYMENTS**

    The applicable commitment period pursuant to 11 U.S.C. § 1325(b)(4) is not less than 5 years. This is a 60 month plan.

    Plan payments: Debtors to pay to Trustee monthly:    $ 210
                    Number of months:    x  60
                    Total of monthly plan payments:    $12,600

    In addition, for each year during the term of the plan, all tax refunds in excess of $1,200 will be remitted within 14 days of receipt to the Trustee as additional disposable income to fund the plan. Deviation from this requirement in a given year will be considered by the Court only upon the filing of a motion asserting extenuating circumstances; any such motion must be filed within 30 days of the date of the filing of the tax return at issue.

    Other plan payment provisions, if any:

2. **ADMINISTRATIVE CLAIMS**
    Trustee's fee pursuant to 11 U.S.C. § 1302 and Debtors' attorney's fees:

| | |
|---|---:|
| Trustee's estimated fees and expense (10% in plan) | $1,280 |
| Attorney's fee and expenses requested to be paid through the plan, pursuant to AO 2016-1, notwithstanding 11 U.S.C. § 1325(a)(5)(B)(iii): | 1,000 |
| TOTAL | $2,280 |

3. **DOMESTIC SUPPORT OBLIGATIONS**
    The following DSO claims will be paid in full through the plan:

| Creditor | Estimated Prepetition Claim |
|---|---|
| N/A | |

4.  **PRIORITY CLAIMS**

| Creditor | Interest Rate | Estimated Prepetition Claim |
|---|---|---|
|  |  |  |

5.  **SECURED CLAIMS (PRIMARY RESIDENCE)**

Residence located at: 226 Hoit Road, Concord, NH. The Debtors estimate the fair market value of such primary residence to be: $201,000. Regular mortgage payments and arrearage to be paid as follows:

|   | Outside the plan. The mortgage is in the modification process and will continue to be directly payable by the Debtors. |
|---|---|
| x | The mortgage is not current. Regular post-petition payments will be made directly by the Debtors and the prepetition arrearage only is to be paid through the plan as follows: |

|   | Mortgagee | Estimated Prepetition Arrearage |
|---|---|---|
|   | BAC Home Loan Servicing, Inc. | $10,000 |
|   | BAC Home Loan Servicing, Inc. | *see provision 7 below |

6.  **SECURED CLAIMS (OTHER)**

Current regular payments are to be made directly by the Debtors. Prepetition arrearage amounts, if any, are to be paid through the plan:

| Creditor | Collateral | Total Prepetition Arrearage |
|---|---|---|
| Toyota Financial Services | 2005 Toyota Sienna | $0 |
| Toyota Financial Services | 2008 Honda Accord | $0 |

7.  **SECURED CLAIMS TO BE MODIFIED**

The following claims are modifiable under the provisions of the Bankruptcy Code and shall be paid through the plan as indicated.

| Name of Creditor | BAC Home Loan Servicing, LP |
|---|---|
| Collateral | 226 Hoit Road, Concord, NH |
| Valuation | $201,000 |
| Treatment | Mortgage is secured by debtors' primary residence however is wholly unsecured and will be avoided pursuant to §1322(b) and In re Mann, 249 BR 831 (1st Cir. 2000). The claim will be paid pro-rata share with general unsecured non-priority claims. |

8.  **SECURED CLAIMS WHERE COLLATERAL TO BE SURRENDERED**

Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned and such collateral shall be deemed abandoned from the estate.

| Name of Creditor | Collateral to be Surrendered |
|---|---|
| NONE | |

9. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

   Executory contracts and unexpired leases are assumed or rejected as follows:

| Creditor/Lessor Property Description | Assumed/Rejected | Proposed Cure Amount Amount/Period |
|---|---|---|
| NONE | | |

10. **UNSECURED CLAIMS**

    Unsecured creditors' claims total $69,929.19 (including, if applicable, the unsecured portion of claims modified under paragraph 7). The percentage to be paid toward these claims will be determined after the bar date for filing claims has passed and will be specified in a motion to allow claims. Unsecured creditors will begin receiving payment on a pro rata basis with any secured arrearage and priority claims after the issuance of such an order. If all scheduled claims are allowed, the percentage distribution to creditors is estimated at 0%.

11. **GENERAL PLAN PROVISIONS**

    A. **Duty to Provide Tax Returns:** The Debtors have an ongoing obligation to provide a copy of each federal income tax return (or any request for extension) directly to the Trustee within seven days of the filing of the return (or any request for extension) with the taxing authority.

    B. **Allowance of Claims:** In the event that a proof of claim is filed in an amount different from the amount listed in this plan, the proof of claim amount shall be deemed to be the correct amount unless the Debtors or another party in interest successfully objects to the proof of claim.

    C. **Property of the Estate and Insurance:** All property shall remain property of the estate until discharge. Pursuant to 11 U.S.C. § 1306(b), the debtors will remain in possession of all property of the estate unless a provision of this plan, or an order of this Court, specifically states otherwise. The Debtors shall maintain all insurance required by law and contract upon property of the estate and the Debtors' property.

    D. **Retention of Lien:** All secured creditors shall retain the liens securing their claims unless otherwise stated.

    E. **Application of Payments Under This Plan:**

        1. Pursuant to 11 U.S.C. § 524(i), payments received by holders and/or servicers of mortgage claims for ongoing post petition installment payments shall be applied and credited to the Debtors' mortgage account as if the account were current and

3

no prepetition default existed on the petition date, in the order of priority specified in the note and security agreement and applicable non-bankruptcy law. Post-petition installment payments made in a timely manner under the terms of the note shall be applied and credited without penalty.

2. **If a creditor applies payments in a manner not consistent with the terms of this plan, or applies Trustee payments to post-petition costs and fees without prior approval of this Court, such actions may be a violation of 11 U.S.C. § 524(i).**

F. **Duty of Mortgage Servicer to Provide Loan Information:**

1. Upon written request of the Debtors, any mortgage servicer or its successor shall provide to the Debtors and/or the Debtors' attorney all information with respect to the Debtors' mortgage loan as it would provide absent a bankruptcy proceeding, including contractual monthly payment changes. The term "information" as used herein shall include, but is not limited to: (a) a coupon book or monthly statements to help the Debtors properly make monthly payments, (b) addresses to which to send payments and to direct inquiries, (c) balance and payoff information if requested, and (d) if applicable, escrow analyses, notices of rate adjustments and the like. The Debtors shall not make any claim against the mortgage servicer, the secured creditor or their successors for any violation of the automatic stay or any discharge injunction resulting from its compliance with this section.

2. Upon written request of the Debtors' counsel, any of the information requested to be provided to the Debtors in paragraph F.1 above shall also be provided to the Debtors' counsel.

G. **Release of Certificate of Title Upon Satisfaction of Secured Claim:**

1. Upon satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property of the bankruptcy estate for which the certificate of title is in the possession of a secured creditor, such creditor shall within 10 days after demand and, in any event, within 30 days of receipt of the notice of the entry of the discharge order, execute a release of its security interest on said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the Debtors or to the attorney for the Debtors.

2. Confirmation of this plan shall impose an affirmative and direct duty on each such secured creditor to comply with this paragraph. This provision shall be enforced in a proceeding filed before this Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the Debtors in this case either before or after the entry of the discharge order and either before or after the closing of this case. The Debtors specifically reserve the right to file a motion to reopen this case under 11 U.S.C. § 350 to pursue the rights and claims provided for therein.

**12. LIQUIDATION ANALYSIS**

In the event of a liquidation under chapter 7, we would claim the state exemptions, based upon which unsecured creditors would receive 0%.

**A. REAL ESTATE: Residential**

| Description | FMV | Liens | Exemption Amt And Cite | Available in Chapter 7 |
|---|---|---|---|---|
| 226 Hoit Road Concord, NH | $201,000 | $274,945.94 | NH RSA 480-a | $0 |
| TOTAL NON-EXEMPT VALUE | | | | $0 |

**REAL ESTATE: Non-residential**

| Description | FMV | Liens | Exemption Amt And Cite | Available in Chapter 7 |
|---|---|---|---|---|
| NONE | | | | |

**B. NON-EXEMPT TANGIBLE ASSETS**: N/A

| Description | FMV | Liens | Exemption Amt And Cite | Available in Chapter 7 |
|---|---|---|---|---|
| NONE | | | | |
| TOTAL NON-EXEMPT VALUE | | | | |

**C. NON-EXEMPT INTANGIBLE ASSETS**: N/A

| Description | FMV | Liens | Exemption Amt And Cite | Available in Chapter 7 |
|---|---|---|---|---|
| NONE | | | | |
| TOTAL NON-EXEMPT VALUE | | | | $ |

**13. SPECIFIC NON-CONFORMING SPECIAL PLAN PROVISIONS (if any):**
_____
_____
_____

We declare under penalty of perjury that the foregoing is true and correct.

Date: January 28, 2011 /s/ David A. Puopolo

Date: January 28, 2011 /s/ Mariann Puopolo